# OFFICE OF THE RAMSEY COUNTY ATTORNEY

50 West Kellogg Boulevard, Suite 560, St. Paul, Minnesota 55102-1556

Phone: (651) 266-3111  Fax: (651) 266-3032

## FACSIMILE

DATE:            December 1, 2010

ATTENTION:       Christopher R. Walsh

LOCATION:

FAX NUMBER:      612-677-9300

FROM:            Edward Kaiser

DIRECT PHONE:    651-266-3009

TOTAL PAGES:     23 (including cover sheet)

COMMENTS:        Re:  Patricio Flores, et al. v. Ramsey County, et al.

☐ URGENT          ☐ PLEASE COMMENT    ☐ PLEASE TELEPHONE   ☐ ORIGINAL TO
☐ PLEASE REVIEW   ☐ PLEASE REPLY         UPON RECEIPT          FOLLOW BY MAIL

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone immediately.

# OFFICE OF THE RAMSEY COUNTY ATTORNEY

Susan Gaertner, County Attorney

50 West Kellogg Boulevard, Suite 560 • St. Paul, Minnesota 55102-1556

Telephone (651) 266-3222 • Fax (651) 266-3032



**Civil Division**

December 1, 2010

Christopher R. Walsh                    **BY FACSIMILE AND U.S. MAIL**
Attorney at Law
Fifth Street Towers
100 South Fifth Street, Suite 1025
Minneapolis, MN 55402

Re:   Patricio Flores, husband of Maria Iñamagua Merchan v. Ramsey County, et al.
      Court File No. 09-CV-838 JMR/SRN
      Our File No. 37735

Dear Mr. Walsh:

Enclosed please find Ramsey County Defendants' Answers to Request for Admissions, Answers to Interrogatories and Responses to Request for Production of Documents of Plaintiff. On November 30, 2010 and again on December 1, 2010, Metro Legal Services attempted to personally serve these documents upon the Walsh Law Firm, but those service attempts failed because individuals in your office refused to accept personal service on your behalf. Since the Ramsey County Attorney's Office was unable to personally serve your office with these discovery responses, the Ramsey County Defendants' Answers to Request for Admissions, Answers to Interrogatories and Responses to Request for Production of Documents of Plaintiff are being mailed and faxed to your office today. Please note that, given the size and volume of the documents that are being produced in response to your Requests for Production of Documents, those documents will only be sent by mail.

Very truly yours,

Edward Kaiser
Attorney for Ramsey County
Direct: (651) 266-3009

Enc.

cc:   Lonnie F. Bryan (w/ enc.)
      Barbara A. Zurek (w/ enc.)
      Melissa Dosick Riethof (w/ enc.)
      Amy Maddox (w/ enc.)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Patricio Flores and Jose Encalada, as Co-Trustees
And Personal Representatives for the next of kin of
Maria Iñamagua Merchan,

Court File No.: 09-CV-838 (ADM/SRN)

Plaintiffs,

v.

**RAMSEY COUNTY DEFENDANTS ANSWERS TO REQUEST FOR ADMISSIONS, ANSWERS TO INTERROGATORIES, AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF**

The United States of America, et al.

Defendants.

**TO:**   Plaintiffs, and their attorney, Christopher R. Walsh, Fifth Street Towers, 100 South Fifth Street, Suite 1025, Minneapolis, MN 55402

**Copy:** Lonnie F. Bryan, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; Barbara Zurek, Amy Maddox and Melissa Dosick Riethoff of Meagher & Geer, P.L.L.P., 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402.

Ramsey County Defendants, for their Answers to Requests for Admissions, Answers to Interrogatories, and Responses to Request for Production of Documents, states as follows:

## GENERAL OBJECTIONS

1. Defendants object to any discovery request that purports to impose obligations not expressly set forth in the Federal Rules of Civil Procedure.

2. Defendants reserve all questions regarding competency, relevancy, materiality, privilege, and admissibility of the answers herein in any subsequent proceeding in, or trial of, this or any other action.

3. Defendants object to any discovery request seeking information protected from disclosure by privilege or as work product, as defined by statute, rule or common law.

4. Defendants object to any discovery request irrelevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants object to any discovery request that is vague, overly broad, or unduly burdensome.

6. Defendants object to any discovery request calling for information as available to Plaintiff as to Defendants.

7. Defendants object to any discovery request unreasonably cumulative.

8. Defendants object to producing personnel data, employment-related data, or other data within the scope of the Minnesota Data Practices Act, or confidential or proprietary information absent entry of an appropriate protective order.

9. Fed. R. Civ. P. 36(a)(2) provides that, as to form for requests for admissions, "[e]ach matter must be separately stated." Requests for Admissions numbers 3, 6, 7, 16, and 26 do not contain multiple statements on separate issues; Defendants object on the basis that these Requests violate Rule 36(a)(2).

10. According to the Pre-Trial Scheduling Order, Plaintiffs may not serve upon the Ramsey County Defendants any more than 25 interrogatories. Under Fed. R. Civ. P. 33(a)(1), no party may serve more than 25 written interrogatories, "including all discrete subparts." Interrogatories number 1, 2, 5, 6, 7, 9, 10, 11, 16, 17, 18, 19, and 20 contain multiple interrogatories when counting "all discrete subparts." Defendants object that Plaintiffs have submitted at least 84 interrogatories to Ramsey County, which clearly and inexcusably exceeds the 25 interrogatories that Plaintiffs are allowed under the Pre-Trial Scheduling Order and Rule 33.

11. Fed. R. Civ. P. 34(b)(2)(A) provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." In "Part IV", Plaintiffs "call upon Defendants Salmi and Advanced Practice Solutions ("APS") to produce the following documents." Thus, Plaintiffs do not direct the Ramsey County Defendants to respond to the subsequent list of document requests, so Ramsey County objects that they are under any compulsion to respond to the requests for production of documents in "Part IV."

Investigation, discovery and trial preparation continue. Accordingly, defendants reserve the right to revise, correct, add to, clarify or otherwise supplement any of the answers provided herein.

Subject to the foregoing, Defendants answer and asserts specific objections as follows:

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Admit that Ramsey County did not perform a medical screening of Decedent within the first twelve (12) hours of her arrival at the RCADC.

**ANSWER:**   Admit.

**REQUEST NO. 2:** Admit that on March 5, 2006 Ramsey County and its healthcare staff at RCADC knew that Maria Inamagua Merchan ("Ms. Merchan" or "Decedent") was suffering from severe headaches that had not gone away despite her taking aspirin and Tylenol.

> **ANSWER:** Ramsey County defendants admit that the healthcare staff at RCADC knew that Decedent suffered from headaches on March 5, 2006. Deny that Ramsey County personnel knew the headaches were "severe."

**REQUEST NO. 3:** Admit that Ramsey County received the Inmate Medical Request Slips regarding Ms. Merchan's headaches and skin condition, respectively on March 5, 2006 and March 23, 2006, that Deposition Exh. 17 is a true and accurate copy of those complaints and that the medication Ramsey County provided for those conditions did not alleviate or cure the conditions she complained of.

> **ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibits were not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be correct document referenced by Plaintiffs. Ramsey County admits that the Inmate Medical Requests Slips are a true and accurate copy of Decedent's complaints on March 5, 2006 and March 23, 2006. Ramsey Count y defendants deny the remainder.

**REQUEST NO. 4:** Admit that Ramsey County personnel did not telephone or contact anyone, including Dr. Salmi, Nurse Practitioner Dahring, the jail psychiatrist or any other medical staff regarding Ms. Merchan or her medical condition until an ambulance was called to take Ms. Merchan to Regions Hospital on the evening of April 3, 2006.

> **ANSWER:** Deny.

**REQUEST NO. 5:** Admit that in February, March and April of 2006, federal detainees who were being held to be deported wore purple bands or bracelets at all times, whereas other detainees did not.

> **ANSWER:** Admit.

**REQUEST NO. 6:** Admit that Ramsey County personnel knew that Decedent had severe headaches or "migranes" [sic], as early as March 5, 2006 yet assigned to her, and continued to require her to sleep in the top bunk bed, which was approximately eight feet high above a concrete floor, during her stay at the RCADC.

3

**ANSWER:** Admit that Ramsey County personnel knew that Decedent complained of migraine headaches on March 5, 2006. Deny that Ramsey County personnel knew the headaches were "severe." Deny the remainder.

**REQUEST NO. 7:** Admit that Ramsey County knew that Decedent had headaches the morning of April 3, 2006, had a history of headaches, and was holding her head in her hands, but Ramsey County did not reassign her to a lower bunk bed.

**ANSWER:** Admit that Ramsey County personnel knew that Decedent complained of headaches on the morning of April 3, 2006. Admit that Decedent had previously complained to Ramsey County personnel of headaches on March 5, 2006. Admit that Ramsey County personnel observed Decedent holding her head in her hands. Deny the remainder.

**REQUEST NO. 8:** Admit that Ramsey County had a head injury protocol in place during the time Ms. Merchan was detained at the RCADC.

**ANSWER:** Admit.

**REQUEST NO. 9:** Admit that Deposition Exh. 39 is a true and accurate copy of the Ramsey County Adult Detention Facilities' Head Trauma policy for management of head injuries sustained by inmates and detainees.

**ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibit was not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be correct document referenced by Plaintiffs. Admit.

**REQUEST NO. 10:** Admit that Ms. Merchan had "signs of a more severe head injury" as defined in the head injury protocol (Exh. 39), on or about April 3, 2006, but Ramsey County failed to follow the protocol or policy.

**ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibit was not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be correct document referenced by

4

Plaintiffs. Admit that on April 3, 2006, Ms. Merchan showed signs of a "head injury" as defined in the head injury protocol. Deny that Ms. Merchan's injury showed any signs of a "more severe" head injury as defined in the head injury protocol. Deny the remainder.

**REQUEST NO. 11:** Admit that one option in the policy (Exh. 39) is for a head injury patient to be transferred to an emergency room for further evaluation, but the protocol allows this only if the patient cannot be aroused from sleep.

**ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibit was not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be correct document referenced by Plaintiffs. Admit that one option in Ramsey County's head injury protocol is for a head injury patient to be transferred to an emergency room for further evaluation. Deny that the protocol allows transfer to an emergency room for evaluation only if the patient cannot be aroused from sleep. Deny the reaminder.

**REQUEST NO. 12:** Admit that the protocol, if it was applied here, did not address the serious medical needs of decedent.

**ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibit was not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be the correct document referenced by Plaintiffs. Deny.

**REQUEST NO. 13:** Admit that Ramsey County told Ms. Merchan when she was dying of headaches and a serious head injury on April 3, 2006, "You'll get nothing until you see a nurse."

**ANSWER:** Ramsey County Defendants object that this request is vague and unclear, and cannot be answered in its current form, as "Ramsey County" is not a living person capable of making statements. Without waiving that objection, Defendants will answer to the best of their ability. Deny.

5

**REQUEST NO. 14:** Admit that on both March 5, 2006 and April 3, 2006 Ms. Merchan was suffering from severe headaches which were not relieved by Tylenol, aspirin, acetaminophen or ibuprofen.

> **ANSWER:** Admit that Decedent received acetaminophen and aspirin after complaining to Ramsey County personnel of headaches on March 5, 2006 and April 3, 2006. Deny that Ramsey County personnel knew Decedent's headaches were "severe." Deny the remainder.

**REQUEST NO. 15:** Admit that scheduling sheets, or "brain boards" were used to schedule when a patient would see a doctor, which doctor would see the patient, and when.

> **ANSWER:** Ramsey County Defendants object that this question is vague. Without waiving that objection, Defendants admit that "brain boards" were used by RCADC personnel to schedule medical appointments for RCADC inmates and detainees to see the medical professionals at the RCADC. Deny the remainder.

**REQUEST NO. 16:** Admit that RCADC or its agents either destroyed or did not produce the "brain boards," medical appointment slips, records showing the identity of any medical doctors or translator(s), work schedules calendars, on call swap sheets, nurses'/healthcare staffs' master signature sheets, and other records which relate to the medical care provided Ms. Merchan, her detention and the full identity of her healthcare providers, correctional officers and supervisors during the time Ms. Merchan was imprisoned at RCADC, despite receiving Mr. Walsh's letters and authorizations in April and August of 2006 (See Deposition Exhs. 10-11).

> **ANSWER:** Ramsey County Defendants object to the extent that the deposition exhibits were not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be the correct document referenced by Plaintiffs. Deny.

**REQUEST NO. 17:** Admit that there was no medical director, medical doctor or nurse practitioner, working on-site at the RCADC on Monday, April 3, 2006.

> **ANSWER:** Admit.

**REQUEST NO. 18:** Admit that there was no medical director, medical doctor or nurse practitioner, working as an on-call medical consultant either for Advanced Practices Solutions or Ramsey County relating to patients at the RCADC on Monday, April 3, 2006.

> **ANSWER:** Deny.

6

**REQUEST NO. 19:** Admit that all of the individuals who participated in the care, custody or supervision of Ms. Merchan during her stay in the RCADC were acting on behalf of Ramsey County and within the scope of their employment and/or agency with Ramsey County.

 **ANSWER:** Admit.

**REQUEST NO. 20:** Admit that Ramsey County did not provide certified translators any time regarding the healthcare it provided to Ms. Merchan.

 **ANSWER:** Deny.

**REQUEST NO. 21:** Admit that the only time a certified translator was present to translate what Decedent said from Spanish to English was during the one visit with Dr. Salmi on March 6, 2010.

 **ANSWER:** Ramsey County Defendants object to this request as vague. Defendants are unable to admit or deny whether, at any other time in Decedent's life, a certified translator was present to translate what she said from Spanish to English. Without waiving that objection, Defendants admit that a certified translator was present to translate what Decedent said from Spanish to English during her only visit with Dr. Salmi on March 6, 2010. Deny the remainder.

**REQUEST NO. 22:** Admit that Decedent continued to complain about her "headaches" after she was given medication (Robaxin and Ibuprofen) between March 6 and March 12 2006, but was not referred back to medical doctor, or any other healthcare staff to reassess her condition.

 **ANSWER:** Deny.

**REQUEST NO. 23:** Admit that Decedent continued to complain about her skin condition after she was given medication (Benadryl, Hydrocortisone) but was not referred to a medical doctor or any other healthcare staff to diagnose or treat her skin condition or bumps on her skin which never went away.

 **ANSWER:** Admit that Decedent complained of a skin condition to Ramsey County personnel and received from Ramsey County personnel Benadryl and Hydrocortisone medication for treatment of her skin condition. Deny the remainder.

**REQUEST NO. 24:** Admit that personnel of RCADC were aware of Decedent's head injury (caused by a fall from her bunk bed) as early as 2:30 p.m. on April 3, 2006.

7

**ANSWER:**    Admit that RCADC personnel were aware of Decedent's head injury as early as 2:30 p.m. on April 3, 2006. Deny that RCADC personnel were aware that Decedent's head injury was caused by a fall from her bunk bed. Deny the remainder.

**REQUEST NO. 25:**  Admit that personnel of RCADC received, in a timely manner, Walsh Law Firm's correspondence dated April 10, 2006 requesting "all medical records, nurses notes, intake or transfer records, police or INS reports, daily meals and visitors' schedules, activity and work schedules, audiotapes, records of telephone calls, video or security tapes."

**ANSWER:**    Ramsey County Defendants object to the extent that the request calls for a response to a deposition exhibit that was not attached to Plaintiffs' Request for Admissions and the request calls for a legal conclusion. Without waiving those objections, Defendants will answer based upon what they believe to be the correct document referenced by Plaintiffs. Admit that Ramsey County received Walsh Law Firm's correspondence dated April 10, 2006 via facsimile on April 10, 2006. Deny as to the timeliness of the correspondence, since no lawsuit had been filed by the Walsh Law Firm on behalf of Decedent prior to April 10, 2006. Deny the remainder.

**REQUEST NO. 26:**  Admit that the items requested in Request No. 16, Dep. Exhs. 10-11 above, despite the fact that they were available, were not delivered to Walsh Law Firm in a timely manner, nor were doctors and nurses fully identified prior to the lawsuit being filed, either to Ms. Merchans' family or her lawyer.

**ANSWER:**    Ramsey County Defendants object to the extent that the deposition exhibits were not attached to Plaintiffs' Request for Admissions. Without waiving that objection, Defendants will answer based upon what they believe to be correct document referenced by Plaintiffs. Deny.

**REQUEST NO. 27:**  Admit that Robert Fletcher, Robert Fulton and other Ramsey County employees or agents were accurately quoted in the news articles (Dep. Exhs. 31-35).

**ANSWER:**    Ramsey County Defendants object to the extent that the deposition exhibits were not attached to Plaintiffs' Request for Admissions. Without waiving that objection,

8

Defendants will answer based upon what they believe to be correct document referenced by

Plaintiffs. Deny.

**REQUEST NO. 26 [as numbered in Plaintiffs' Requests for Admissions]:** Admit the truth of Quinn Henson's statements in the news article(s).

**ANSWER:**    Ramsey County Defendants object to the extent that the deposition exhibits

were not attached to Plaintiffs' Request for Admissions and that Ramsey County lacks the

ability to admit or deny the veracity of statements made by a non-party to this lawsuit who

has not been deposed by Plaintiff and is neither an employee or agent of Ramsey County.

Without waiving these objections, Defendants will answer based upon what they believe to

be correct document referenced by Plaintiffs. Deny.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, present address, occupation, age, present employer, and the present employer's address of each physician, nurse, or other medical personnel in the employ of, or worked at, the Ramsey County Adult Detention Center who treated, cared for, examined, or otherwise attended Decedent from February 24, 2006 through April 12, 2006. With regard to every individual, please state:
a.    Each date upon which the individual attended Decedent;
b.    The nature of the treatment or care rendered to Decedent on each date;
c.    The qualifications and area of specialty of each individual; and
d.    The present address of each individual.

In responding to this interrogatory, referring Plaintiffs' counsel to medical records will not be deemed to be a sufficient answer because Defendants have withheld, destroyed or delayed in providing needed records and those produced fully identify the individuals.

**ANSWER:**    Ramsey County Defendants object to this interrogatory as it is overly broad,

unduly burdensome and seeks information that is protected by the Minnesota Data Practices

Act. Defendants also object to Plaintiffs' unsupported statement that "Defendants have

withheld, destroyed or delayed in providing needed records." Without waiving these

objections, Defendants answer by referring Plaintiff's counsel to the information already

disclosed to Plaintiffs in the Ramsey County Defendants' Rule 26  disclosures made on

November 5, 2009.

9

**INTERROGATORY NO. 2:** With respect to each physician, nurse, medical, correctional or supervisory personnel who worked for or at the Ramsey County Adult Detention Center who treated, cared for, examined, supervised or otherwise attended Decedent from February 24, 2006 through April 10, 2006, please state:

    a.    Each persons dates of employment or dates they contracted with Ramsey County or RCADC.

    b.    Each persons qualifications for the position he or she held.

    c.    Which days, work shifts and hours per week each person worked in February 2006 through April 2006.

**ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome and seeks information that is protected by the Minnesota Data Practices Act. Without waiving its objection Defendants provide the following:

| | | | |
|---|---|---|---|
| 1. | Jane Berg | 1/28/1991 – Present | B.A. + 20 yrs experience |
| 2. | Barb Carlson | 10/5/2006 – Present | R.N. |
| 3. | Sara Ceniceros | 9/14/2005 – Present | RN |
| 4. | Audrey Darling | 3/29/2005 – Present | RN |
| 5. | Karla Gomez | 11/6/2003 – Present | RN |
| 6. | Michael Hoyt | 9/24/2001 – 10/27/2006 | RN |
| 7. | Susan Jubert | 10/5/1996 – 4/1/2008 | RN |
| 8. | Marjorie Kern | 5/7/2005 – 2/16/2007 | RN |
| 9. | Mary (Kelly) Logan | 9/5/1994 – Present | RN |
| 10. | Patricia McPeak | 10/2/2000 – 9/7/2007 | RN |
| 11. | Rob Moxley-Goldsmith | 3/16/2000 – Present | RN |
| 12. | Lisa Schroeder-Olson | 4/18/1993 – Present | RN |
| 13. | Corrine (Chris) Strand | 11/7/2002 – 8/31/2009 | RN |
| 14. | Erica Thompson | 11/17/2003 – Present | RN |

C.  See attached calendars from February – April 2006

Discovery continues. Ramsey County Defendants will supplement this interrogatory as it relates the correctional employees at a later date.

**INTERROGATORY NO. 3:** Please state the name, address, telephone number, and last known employer of the Medical Director, Health Care Administrator and Nursing Supervisor for the shifts set forth in the preceding interrogatory, and identify the previous medical director who signed your head injury protocol.

**ANSWER:**

Gregory Salmi, MD
Medical Director
Advanced Practice Solutions
Telephone: 651-439-8484

Jane Berg

10

Health Care Administrator
St. Paul – Ramsey County Public Health
555 Cedar St.
St. Paul, MN 55101
Telephone: 651-266-1263

The head trauma protocol was signed on April 4, 2004 by James Lewis, MD.

**INTERROGATORY NO. 4:** Please identify by name, last known address and telephone number each and every person who has, or claims to have, knowledge of any facts relevant to the issues in this lawsuit, stating in detail all facts each person has, or claims to have, knowledge of.

 **ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad,

unduly burdensome and seeks information that is protected by attorney-client privilege.

Without waiving these objections, Defendants answer by referring Plaintiff's counsel to the

information already disclosed to Plaintiffs in the Ramsey County Defendants' Rule 26

disclosures made on November 5, 2009.

**INTERROGATORY NO. 5:** a. Have any statements been taken from nonparties or any Plaintiff pertaining to this claim?
With regard to each statement, state:
  1. The name and address of each person making a statement;
  2. The date on which the statement was made;
  3. The name and address of the person or persons taking each statement; and
  4. The subject matter of each statement.
 b. Attach a copy of each statement to the answers to these interrogatories.
 c. If you claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please:
  1. Identify each document or thing by date, author, subject matter, and recipient;
  2. State in detail the legal and factual basis for asserting said privilege, work product protection, or objection, or refusing to provide discovery as requested.

 **ANSWER:** Ramsey County Defendants have not obtained any statements.

**INTERROGATORY NO. 6:** Do you or anyone acting on your behalf know of any photographs, films, or audiotapes or surveillance videotapes depicting the cell, rooms, pods, atrium, booking area, health care areas or any areas where Decedent was detained or relating to the facts in issue claims or defenses? If so, state:
 a. The number amount and photographs or feet of film or video, audio or digital recordings;
 b. The places, objects, or persons photographed, filmed, or videotaped;
 c. The date the photographs, film, video, audio or digital recordings were taken;
 d. The name, address, and telephone number of each person who has the original or copy of the materials or electronic data and where they are stored.
Please attach copies of any photographs or videotapes.

**ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, and unduly burdensome. Without waiving these objections, Defendants provide that they have no knowledge of any such materials existing.

**INTERROGATORY NO. 7:** If you claim that injuries, illness and denial of medical care to Decedent complained of in Plaintiffs' Complaint were contributed to or caused by Decedent or any other person, including any other physician, hospital, nurse, government agent, officer or other health care provider, please state:
  a. The facts upon which you base the claim;
  b. The name, current address, and current employer of each person whom you allege was or may have been negligent, committed malpractice, were indifferent to Decedent's medical needs, violated her civil rights or denied her equal protection of the law.

**ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome, misstates the facts and requests a legal conclusion. Without waiving these objections, Defendants claim that the lump on Decedent's head was contributed to or caused by Decedent because Decedent herself fell from her bunk bed or bumped her head on the bottom of her bunk bed. Decedent's neurocystercicosis was also contributed to or caused by Decedent and other individuals who cannot be identified by Defendants because neurocystercicosis is a parasitic brain infection caused by long-term consumption of undercooked meat, and Defendants are unable to identify the names, addresses and employers of all individuals who prepared or provided meat to Decedent during her lifetime prior to her incarceration at the RCADC.

**INTERROGATORY NO. 8:** Please state the name or names of the individuals supplying the information contained in your Answers to these Interrogatories. In addition, please state these individuals' current addresses, places of employment, and their current position at their place of employment.

**ANSWER:** Ramsey County Defendants object to this interrogatory as it seeks information that is protected under the attorney-client privilege and work product doctrine. Without waiving this objection Defendants provide the following:

Cmdr. John St. Germain

12

Ramsey County Sheriff's Department
425 Grove St.
St. Paul, MN 55102

Jane Berg
Department of Public Health
425 Grove St.
St. Paul, MN 55102

**INTERROGATORY NO. 9:** Do defendants have knowledge of any conversations or statements made by the Decedent concerning any subject matter relative to this action? If so, please state:
a. The name and last known address of each person who claims to have heard such conversations or statements;
b. The date of such conversations or statements;
c. The summary or the substance of each conversation or statement.

ANSWER: Ramsey County Defendants have no knowledge of any conversations or

statements made by Decedent concerning the subject matter relative to this action beyond

the statements recorded or referenced in the various medical records and documents that

have already been disclosed to Plaintiff's counsel.

**INTERROGATORY NO. 10:** Did any defendant, the defendants' agents, its contractors, investigators or employees conduct a surveillance, monitoring, electronic eavesdropping or wiretap of the Decedent, her family members, cellmates or witnesses to her detention? If so, state:
a. Name, address, and occupation of the person who conducted each surveillance;
b. Name and address of the person or entity who requested each surveillance to be made;
c. Date or dates on which each surveillance was conducted;
d. Place or places where each surveillance was performed;
e. Information or facts discovered in the surveillance;
f. Name and address of the person now having custody of each written report, photographs, videotapes, or other documents concerning each surveillance.

ANSWER: Ramsey County Defendants object to this interrogatory as it is overly broad,

and unduly burdensome. Without waiving its objection Defendants have not engaged in

such contact.

**INTERROGATORY NO. 11:** Are you aware of any person you may call as a witness at the trial of this action who may have or claims you have any information concerning the medical, mental, or physical condition of the Decedent prior to, during or after her detention at the RCADC? If so, state:
a. The name and last known address of each person and your means of ascertaining the present whereabouts of each person;
b. The occupation and employer of each person;

13

c.  The subject and substance of the information each person claims to have.

> **ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome and seeks information that is protected by attorney-client privilege and the Minnesota Data Practices Act. Without waiving these objections, Defendants answer by referring Plaintiff's counsel to the information already disclosed to Plaintiffs in the Ramsey County Defendants' Rule 26 disclosures made on November 5, 2009 as it relates to potential witnesses.

**INTERROGATORY NO. 12:** As to any affirmative defenses you allege, state the factual basis of and describe each affirmative defense, the evidence which will be offered at trial concerning any alleged affirmative defense, including the names of any witnesses who will testify in support thereof, and the descriptions of any exhibits which will be offered to establish each affirmative defense.

> **ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome, seeks information that is protected by attorney-client privilege and the work product doctrine. Without waiving this objection, Defendants refer Plaintiff's counsel to its Rule 26 disclosures which were made on November 5, 2009 as it relates to potential witnesses. Discovery continues.

**INTERROGATORY NO. 13:** Describe whether any of Decedent's medical, healthcare, detention, immigration or other records relating to the subject matter of this litigation have been altered, lost, destroyed or are otherwise not available. If so, describe the record and state when, where, why and by whom the record was altered, lost or destroyed, and state the contents of the record as nearly as practicable

> **ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome, duplicative, vague, and seeks information that is protected by attorney-client privilege and the work product doctrine. Without waiving these objections, Defendants answer by referring Plaintiff's counsel to its Rule 26 disclosures which were made on November 5, 2009 and deny that any of Decedent's medical, healthcare, detention,

14

immigration or other records relating to the subject matter of this litigation have been altered, lost, destroyed or otherwise made not available.

**INTERROGATORY NO. 14:** Please disclose any impeachment evidence relating to the Plaintiffs, their witnesses, or the Plaintiffs'-Decedent which Defendants must disclose pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Boldt v. Sanders,111 N.W.2d 225 (Minn. 1961).

**ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly broad, unduly burdensome, and cumulative. Ramsey County Defendants refer Plaintiffs to Defendants response to Interrogatory No. 11.

**INTERROGATORY NO. 15:** State the exact business nature, contractual or professional, and relationship between and among Advanced Practice Solutions and Ramsey County as well as between Ramsey County and the United States.

**ANSWER:** Ramsey County Defendants object to this interrogatory as overly broad, unduly burdensome, and vague. Without waiving those objections, Ramsey County is a chartered municipal corporation organized and existing under the laws of the State of Minnesota, and Advanced Practice Solutions is a private company licensed to do business in Minnesota. Ramsey County and Advanced Practices Solutions have a contractual business relationship under the laws of Minnesota. Ramsey County is organized and exists under the laws of the State of Minnesota. The United States is organized and exists under the laws and Constitution of the United States of America. Ramsey County and the United States, as governmental entities, have a contractual business relationship.

**INTERROGATORY NO. 16:** As to each expert whom you expect to call as a witness at trial, please state:
   a. The expert's name, address, occupation, and title;
   b. The expert's field of expertise, including subspecialties, if any;
   c. The expert's education background;
   d. The expert's work experience in the field of expertise;
   e. All professional societies and associations of which the expert is a member;
   f. All hospitals at which the expert has staff privileges of any kind;
   g. All written publications of which the expert is the author, giving the title of the publication and when and where it was published.

15

**ANSWER:** Ramsey County Defendants have not yet retained experts. Defendants will

supplement their discovery upon doing so.

**INTERROGATORY NO. 17:** With respect to each person identified in answer to interrogatory
No. 16, state:
a. The subject matter on which the person is expected to testify;
b. The substance of the facts and opinions to which the person is expected to testify; and
c. A summary of the grounds for each opinion, including the specific factual data upon which
the opinion will be based.

   **ANSWER:** Ramsey County Defendants have not yet retained experts. Defendants will

comply with the pretrial order of the Court.

**INTERROGATORY NO. 18:** With respect to anyone who has been retained or specially employed

by you in anticipation of litigation or preparation for trial and who is not expected to be called as a

witness at trial, as provided in Rule 35, please provide the following:

a. The subject matter on which the person testified, spoke about, or otherwise was retained for;
b. The substance of the facts and opinions to which the person testified, spoke about, or
otherwise was retained for; and
c. A summary of the grounds for each opinion, including the specific factual data upon which
the opinion was based.

   **ANSWER:** Ramsey County Defendants object to this interrogatory as it is overly

broad, unduly burdensome, seeks information that is protected under the attorney-client

privilege and work product doctrine. Without waiving these objections, Defendants have

not retained anyone meeting the characteristics or qualifications described in this

interrogatory.

**INTERROGATORY NO. 19:** Are you aware of any person you may call as a witness at the trial of
this action who may have or claims you have any information concerning the medical, mental, or
physical condition, or detention status of the Decedent(s) prior to the incident in question? If so, state:
a. The name and last known address of each person and your means of ascertaining the present
whereabouts of each person;
b. The occupation and employer of each person;
c. The subject and substance of the information each person claims to have.
If you claim that injuries to Decedent complained of in plaintiff's Complaint were
contributed to or caused by Decedent or any other person, including any other
physician, hospital, nurse, or other health care provider, please state:
a. The facts upon which you base the claim;

16

b.  The name, current address, and current employer of each person whom you allege was or may have been negligent.

   **ANSWER:**  Ramsey County Defendants object to this interrogatory as it is overly

   broad, unduly burdensome, cumulative, and seeks information that is protected under the

   attorney-client privilege and work product doctrine.  Without waiving these objections,

   Defendants refer Plaintiff to their response to Interrogatory No. 11.

**INTERROGATORY NO. 20:**   a.  Please identify any statements taken by or from the Defendants, Decedent, Plaintiffs or the Plaintiffs' family pertaining to this claim.  With regard to each statement, please state:
   1.  The name and address of each person making a statement;
   2.  The date on which the statement was made;
   3.  The name and address of the person or persons taking each statement; and
   4.  The subject matter of each statement.
b.  Please attach a copy of each statement to the answers to these interrogatories.
c.  If you claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please:
   1.  Identify each document or thing by date, author, subject matter, and recipient;
   2.  State in detail the legal and factual basis for asserting said privilege, work product protection, or objection, or refusing to provide discovery as requested.  Please identify Defendants' knowledge of any conversations or statements made by the Decedent concerning any subject matter relative to this action, and so state:
   a.  The name and last known address of each person who claims to have heard such conversations or statements;
   b.  The date of such conversations or statements;
   c.  The summary or the substance of each conversation or statement.

   **ANSWER:**  Ramsey County Defendants object to this interrogatory as it is overly

   broad, unduly burdensome, and cumulative.  Without waiving these objections, Defendants

   refer Plaintiffs to their response to Interrogatory No. 5.

**INTERROGATORY NO. 21:**  Please identify by name, employment capacity, and current (or last known) address and telephone number of each and every person who has or claims to have knowledge' of any facts relevant to the issues in this lawsuit, stating in detail all facts each person has or claims to have knowledge.

   **ANSWER:**  Ramsey County Defendants object to this interrogatory as it is overly

   broad, unduly burdensome, seeks information that is protected under the attorney-client

   privilege and work product doctrine.  Without waiving this objection, Defendants refer

17

Plaintiff's counsel to the information provided to Plaintiffs in the Ramsey County

Defendants' Rule 26 disclosures made on November 5, 2009.

**INTERROGATORY NO. 22:** As to any affirmative defenses you allege, state the factual basis for and description of each affirmative defense; state the evidence that will be offered at trial concerning any alleged affirmative defense, including the names of any witnesses who will testify in support thereof, and state the descriptions of any exhibits which that be offered to establish each affirmative defense.

    **ANSWER:** Ramsey County Defendants object to this interrogatory as unduly burdensome

and cumulative as it is identical to Interrogatory No. 12. Ramsey County Defendants refer

Plaintiffs to their response to Interrogatory No. 12.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Please produce a copy of all photographs, video or surveillance tapes, and audio recordings of Decedent, her family, or other visitors.

    **RESPONSE:** Ramsey County Defendants have already produced responsive materials to

this request in their initial disclosures. Ramsey County Defendants do not possess any

additional responsive materials.

**REQUEST NO. 2:**    Please produce a copy of all photographs, video or surveillance tapes, and audio recordings of Decedent's cell mates or podmates Quinn Henson, Kayla Nygren, and Aurora Merchan.

    **RESPONSE:** Ramsey County Defendants are not in possession of any video, audio or

surveillance tapes for the requested individuals. Please see attached photographs.

**REQUEST NO. 3:**    Please produce a copy of any and all records concerning Decedent for issues arising including the supervision, custody, care, clothing, feeding, bathing, laundry, daily schedule and work (volunteer) during the period of Decedent's detention at RCADC.

    **RESPONSE:** Ramsey County Defendants have already produced responsive materials to

this request in their initial disclosures. Ramsey County Defendants do not possess any

additional responsive materials.

18

**REQUEST NO. 4:**    Please produce a copy of any and all documents provided to any state or federal agency or any other regulatory committee, including but not limited to investigative reports, responses or other committees correspondence, and records or exhibits supplied to those agencies or other committees, concerning the health ratings and safety standards of RCADC for the years of 2004 to the present.

**RESPONSE:** Ramsey County Defendants object to this request as it is overly broad,

unduly burdensome and unlikely to lead to information relevant to this matter. Without

waiving this objection, Ramsey County Defendants will provide health care ratings and

safety standards of RCADC for 2004 to present.

**REQUEST NO. 5:**    Please produce a copy of any and all pre-admission screening forms, booking forms, healthcare screening forms, prescription or medication forms or similar document(s) concerning Decedent.

**RESPONSE:** Ramsey County Defendants have already produced responsive materials to

this request in their initial disclosures. Ramsey County Defendants do not possess any

additional materials that are responsive.

**REQUEST NO. 6:**    Please produce a copy of any and all incident reports, diagnostic tools, or other reports relating to Decedent.

**RESPONSE:** Ramsey County Defendants have already produced responsive materials to

this request in their initial disclosures. Ramsey County Defendants do not possess any

additional materials that are responsive.

**REQUEST NO. 7:**    Please produce a copy of any and all radiology reports, including but not

limited to x-ray reports, CT and MRI Reports, concerning Decedent.

**RESPONSE:** Ramsey County Defendants have already produced responsive materials to

this request in their initial disclosures. Ramsey County Defendants do not possess any

additional materials that are responsive.

**REQUEST NO. 8:**    Time sheets, daily, weekly or monthly work schedules, shift schedules,

payroll and personnel files of all named Defendants, all medical staff and jail guards, correctional

officers and supervisors in charge during the time period in. which Decedent was detained.

19

RESPONSE: Ramsey County Defendants object to this request as it is overly broad, unduly burdensome and unlikely to lead to information relevant to this matter. Without waiving this objection, Ramsey County Defendants will provide work and shift schedules for employees who came into contact with decedent during the time period she was detained.

REQUEST NO. 9: Produce medical records for other patients with head injuries, head trauma or brain conditions, including others treated for headaches, brain infections, migraines or skin conditions.

RESPONSE: Defendants object to this request as overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence and because it seeks information that is protected by HIPPA which Defendants are not authorized to release.

REQUEST NO. 10: Please produce a copy of all documents, not previously described, relating to suspected abuse, neglect, malpractice, civil rights infractions or injury to, or deliberate indifference to detainees and inmates at Ramsey County, for the calendar years 2003 through 2010.

RESPONSE: Ramsey County Defendants object to this request as it is overly broad, unduly burdensome, is unlikely to lead to admissible evidence, and seeks information that is protected by attorney-client privilege. Without waiving these objections, Ramsey County Defendants have already produced responsive materials to this request in their initial disclosures.

REQUEST NO. 11: Please produce a copy of any and all written and/or transcribed oral statements, commentaries, reports, notes, interviews, correspondence, communication, files, and/or, documents which refer to or relate to Decedent or the allegations in the complaint.

RESPONSE: Ramsey County Defendants have already produced responsive materials to this request in their initial disclosures. Ramsey County Defendants do not possess any other materials that are responsive to this request.

REQUEST NO. 12: Please produce a photograph(s) and a floor plan of the rooms and cell used by Decedent during her detention, including the health care facilities.

20

**RESPONSE:** Ramsey County Defendants will provide the requested information to

Plaintiff's counsel once an appropriate Protective Order has been issued.

**REQUEST NO. 13:** Please produce all policies and procedures concerning skin conditions, infections, neurological conditions, diseases of the brain, neurocysticercosis and head injuries, including a head injury protocol that was in place in March of 2006.

**RESPONSE:** Ramsey County Defendants object to this request as it is overly broad and

unduly burdensome. Without waiving this objection, Ramsey County Defendants will

provide any responsive materials to Plaintiffs counsel regarding the requested information.

**REQUEST NO. 14:** Produce all documents identified in depositions by Defendants.

**RESPONSE:** Ramsey County Defendants object to this request as it is overly broad, unduly

burdensome and vague. Without waiving those objections, responds that unless and until

Plaintiffs identify which documents were identified in the depositions that were not already

requested by Plaintiffs and not disclosed by Defendants, Ramsey County Defendants have

either already produced all responsive materials to this request or do not possess any other

materials that are responsive to this request.

Date: _11-30-10_

SUSAN GAERTNER
RAMSEY COUNTY ATTORNEY

By: _____
Kevin M. Lindsey (#220796)
Edward O. Kaiser (#0390777)
Assistant County Attorney
50 W. Kellogg Boulevard, Suite 560
St. Paul, MN 55102
651-266-3217
Facsimile: 651-266-3032
**ATTORNEYS FOR RAMSEY COUNTY
DEFENDANTS**

21