UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricio Flores and Jose Encalada,
as Co-Trustees and Personal Representatives
for the next of kin of Maria Iñamagua Merchan,

        Plaintiffs,

v.

The United States of America;
The U.S. Department of Homeland Security;
Scott Baniecke; An Unknown Number of
Unnamed and Unknown Agents of ICE;
The County of Ramsey, Minnesota; Robert
Fletcher; Ramsey County Adult Detention Center;
Ramsey County Sheriff's Department; Ramsey
County Department of Health; Robert W. Fulton;
"XYZ" Family Practice Clinic; Drs. John or Jane
Does I-IV; Robert Moxley-Goldsmith; R.N. Erika
Thompson; Chris Strand; Kelli LNU; John or Jane
Roe; Mary Roby; Jill Jones; T. Bennet; Cheryl
Caumiant; and John or Jane Poes I-V,

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Civil No. 09-838 ADM/SER

_____

      Christopher Walsh, Esq. Walsh Law Firm, 100 South 5th Street, Suite 1025, Minneapolis MN 55402, for Plaintiffs.

      Lonnie Bryan, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants United States of America, et al.

      Karen Kugler and Kevin Lindsey, Esqs., Ramsey County Attorney's Office, 50 West Kellogg Blvd., Suite 560 RCGC - West, St. Paul, MN 55102, for Defendants The County of Ramsey, et al.

      Barbara Zurek and Melissa Reithof, Esqs., Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402, for Defendants XYZ Family Practice Clinic, et al.

_____

This matter is before the undersigned United States District Judge for a ruling on Patricio Flores' and Jose Encalada's ("Plaintiffs'") Objections ("Objections") [Docket No. 279 ] to Magistrate Judge Janie S. Mayeron's January 4, 2011 Report and Recommendation ("R&R") [Docket No. 277]. Judge Mayeron recommended that Defendants Cheryl Caumiant, Chris Strand, Erika Thompson, Robert Moxley-Goldsmith, Mary Logan, and Jane Berg ("Defendants") be granted summary judgment on Count VI; that the unnamed Doe, Roe and Poe Defendants be dismissed without prejudice; and that final judgment be entered against Plaintiffs.

Objections to the R&R were due January 19, 2011. Plaintiffs electronically filed initial Objections to the R&R [Docket No. 279] either shortly before or at midnight on January 20, 2011. The accompanying exhibits and certificate of service [Docket Nos. 280, 281, 282] were filed in the early morning hours of January 20, 2011. On January 31, 2011, Plaintiffs submitted a letter motion to accept courtesy copies of the Objections and exhibits [Docket No. 290]. On February 27, 2011, while their Objections and letter motion were under advisement, Plaintiffs submitted the Affidavit of Kayla Nygren [Docket No. 314]. On March 1, 2011, Plaintiffs submitted the Affidavit of Quinn Henson [Docket No. 318].

Defendants argue the Objections are untimely under Local Rule 72.2. As to all materials filed at or after midnight on January 20, 2011, they are correct; a document is deemed timely filed only if it is filed before midnight on the day it is due. See Electronic Case Filing Procedures Guide for Civil Cases for the United States District Court for the District of Minnesota § I(B)(2)(a) (December 1, 2009).[1] However, the Court will exercises its discretion to

---

[1] The Electronic Case Filing Procedures Guide was revised effective January 31, 2011, but the relevant provision remains the same.

2

consider all materials submitted by Plaintiffs on or before January 31, 2011.[2]  Based on an independent, *de novo* review of the record, including a thorough review of the material Plaintiffs submitted on or before January 31, 2011, Plaintiffs' Objections are overruled and the R&R is adopted.

This cases arises out of the tragic death of Maria Iñamagua Merchan of complications related to untreated neurocysticercosis.  For more than a month before her death, Ms. Iñamagua Merchan was in custody at the Ramsey County Adult Detention Center, awaiting deportation by the United States Department of Homeland Security.  The remaining portion of Plaintiffs' original case[3] consists of <u>Bivens</u> claims against six Defendants employed at the Adult Detention Center, as well as claims against as-yet-unidentified Roe, Doe and Poe Defendants.  Judge Mayeron correctly found that Plaintiffs cannot maintain a <u>Bivens</u> action against any of the remaining named[4] Defendants.

Plaintiffs allege Defendants denied Ms. Iñamagua Merchan medical care, in violation of her Eighth Amendment right to be free from cruel and unusual punishment, and also intentionally treated Ms. Iñamagua Merchan and other Spanish-speaking detainees awaiting

---

[2] The Court declines to consider the extraordinarily tardy Affidavits of Kayla Nygren and Quinn Henson, filed more than a month after the deadline for objections to the Report & Recommendation, and more than two months after the close of discovery in this matter.  Although the Affidavit of Kayla Nygren is not docketed as an exhibit to Plaintiffs' letter motion of January 31, 2011, it will be treated the same as the Affidavit of Quinn Henson, which was filed as an exhibit to the letter motion.

[3] A number of claims and defendants have been dismissed from this action. [Docket Nos. 161, 201, 274].  Judge Mayeron's R&R addresses all remaining claims.

[4] Only Robert Moxley-Goldsmith, Erika Thompson, Chris Strand and Cheryl Caumiant are actually named as Defendants in the caption of the Complaint.  However, it appears that Mary Logan is "Kelli LNU," and Jane Berg is one of the unnamed Defendants.

deportation differently from "white, native-born, English-speaking detainees", in violation of her Equal Protection rights. Compl. ¶¶ 61-69 [Docket No. 1].

The Eighth Amendment deliberate indifference claim requires Plaintiffs to prove each individual who treated Ms. Iñamagua Merchan - here, Defendants Caumiant, Strand, Thompson, and Moxley-Goldsmith[5] - actually knew of, yet deliberately disregarded, her serious medical needs. See Jones v. Minn. Dep't of Corrections, 512 F.3d 478, 481 (8th Cir. 2008). Plaintiffs have offered no evidence supporting this claim. Taken in the light most favorable to Plaintiffs, Ms. Iñamagua Merchan's symptoms while in custody were peristent headaches, skin rashes, and dizziness resulting in a fall from her bunk bed. It is undisputed these symptoms were consistent with other, less serious medical conditions for which Ms. Iñamagua Merchan received treatment. When her symptoms worsened, she was sent to a hospital, where her actual, life-threatening condition was first diagnosed.

To prevail on an Eighth Amendment claim, Plaintiffs "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Popoalii v. Correctional Medical Services, 512 F.3d 488, 499 (8th Cir. 2008). Defendants Moxley-Goldsmith, Strand, and Thompson are registered nurses. Defendant Caumiant is a corrections officer with some medical training. None of these individuals was in a position to diagnose Ms. Iñamagua Merchan's actual condition, and there is no evidence that any of them even suspected, much less actually knew, how seriously ill she was. On this record, no reasonable jury could find these Defendants actually knew of Ms. Iñamagua

---

[5] In Moxley-Goldsmith's deposition, which was not yet filed when Judge Mayeron issued the R&R, he testifies he administered medications to Ms. Iñamagua Merchan on one occasion, but did not have any conversation with her. Deposition of Robert Moxley-Goldsmith [Docket No. 281-4] at 70-71, 102. Accordingly, even though Plaintiffs do not raise the issue in their Objections, Moxley-Goldsmith will be considered as one of the treating Defendants, even though he is not designated as such in the R&R.

Merchan's serious medical need, and as a result, these Defendants are entitled to summary judgment on Plaintiffs' Eighth Amendment claim.

Plaintiffs also allege that the Defendants who provided medical care to Ms. Iñamagua Merchan treated her differently than they treated non-Hispanic, English-speaking detainees. The record is devoid of evidence supporting this claim. Judge Mayeron correctly found Defendants entitled to summary judgment on Plaintiffs' Equal Protection claim.

Plaintiffs further assert Eighth Amendment claims against Defendants Moxley-Goldsmith, Logan, and Berg, who were supervisors and administrators at the Adult Detention Center. Here, with the exception of the single occasion Moxley-Goldsmith administered medication, Plaintiffs have come forward with no evidence allowing a jury to find these Defendants were ever personally, directly involved in Ms. Iñamagua Merchan's care and treatment. Mere supervisory responsibility is not enough to establish liability for a constitutional violation; rather, each individual defendant must be personally, directly involved. Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009). Plaintiffs have shown that the names or initials of Moxley-Goldsmith, Logan and Berg appear in some of the medical charts and nursing notes related to Ms. Iñamagua Merchan's treatment.[6] This evidence does not support an inference that Defendants Moxley-Goldsmith, Logan, and Berg directly participated in a constitutional violation. Nor, as discussed above, is there any evidence that Moxley-Goldsmith actually knew of yet deliberately disregarded Ms. Iñamagua Merchan's serious medical needs. Judge Mayeron correctly found these Defendants entitled to summary judgment on Plaintiffs' claims.

---

[6] Plaintiffs' Objections do not identify any specific conduct by Defendants Moxley-Goldsmith, Logan and Berg, stating only, "[t]he policies of Jane Berg, . . . Robert Moxley-Goldsmith . . . [and several others not named as defendants in this action] demonstrate and institutionalize deliberate indifference." [Docket No. 279, at 8.]

5

Finally, Judge Mayeron recommended dismissal of the unnamed Doe, Roe and Poe Defendants without prejudice. Dismissal of unnamed defendants is appropriate when it appears they are not identifiable. This matter has been pending for nearly two years. Discovery has been extensive, and is now closed.[7] Plaintiffs have been unable to identify any additional Doe, Roe and Poe Defendants. The unnamed Defendants are entitled to dismissal. Judge Mayeron recommended dismissal without prejudice, which is not a reflection on the merits of any of Plaintiffs' claims, but merely indicates the Defendants could not be identified. Plaintiffs' request for additional discovery has been considered, but it does not appear that the requested discovery would lead to evidence reasonably likely to identify additional defendants or to support Plaintiffs' claims against the named Defendants.

Accordingly, after an independent, *de novo* review of the files, records and proceedings in the above titled matter, the Objections are overruled and the Report and Recommendation is adopted.

For the sound reasons and thorough analysis set forth in the Report and Recommendation **IT IS ORDERED** that Ramsey County Defendants' motion to dismiss or for summary judgment [Docket No. 189] is **GRANTED** as follows:

1. Summary judgment is granted against Plaintiffs and in favor of Defendants Thompson, Caumiant, Strand, Moxley-Goldsmith, Logan and Berg on Count VI of the Complaint, and

2. The Doe, Roe and Poe defendants are dismissed without prejudice.

---

[7] Plaintiffs moved to reopen discovery [Docket No. 287], including the depositions of Berg and Thompson, and to take the deposition of Logan. The motion was heard on February 28, 2011, by United States District Court Magistrate Judge Steven E. Rau. After consideration, Judge Rau denied the motion on March 22, 2011 [Docket No. 320].

Plaintiffs' Motion to Accept Documents [Docket No. 290] is DENIED as to the late-filed Affidavits of Kayla Nygren and Quinn Henson, and GRANTED in all other respects.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 28, 2011.